IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAUL O. PARTIN,

    Plaintiff,

v.                                                 Civil Action No. **3:08CV238**

GABRIEL MORGAN, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and on Plaintiff's motion to access the law library. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

The Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it

does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

In his complaint, Plaintiff names Sheriff Gabriel Morgan, Lieutenant Colonel Eileen Sprinkle, Captain J. Vergakis, Ms. Graves, and Mr. Johnson as defendants. Plaintiff claims that: (1) the conditions at the Newport News Jail ("the Jail") were unconstitutional, and (2) he was denied access to the courts. Plaintiff demands $250,000.00 in damages and an injunction requiring the Jail to set up an adequate law library, to provide case law for federal as well as state courts, and to stop limitations on inmate copy requests.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a right conferred by the Constitution or laws of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). The indulgence shown to *pro se* litigants does not relieve them of the obligation to provide each defendant with fair notice of the facts upon which his or her liability rests. *See Bell Atl. Corp.*, 127 S. Ct. at 1964 (*quoting Conley*, 355 U.S. at 47).[1] Thus, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*citing*

---

[1] As Plaintiff is "a paralegal graduate of Blackstone School of Law in Dallas Texas" with "10 ½ yrs experience w/ criminal law," his entitlement to any such indulgence is questionable. (Pl.'s Compl. 8) (capitalization corrected). However, in an abundance of caution, his complaint is held only to the standard, liberal pleading rules for *pro se* litigants.

*Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Plaintiff fails to even mention any of the named defendants in conjunction with his conditions of confinement claim. Thus, it is RECOMMENDED that Plaintiff's conditions of confinement claim be DISMISSED.

Plaintiff claims that his right to access the courts was violated because the Jail's law library lacks all federal legal material, because he was only allowed to access materials relevant to the charges against him, and because he was charged ten cents per printout from the Jail's Lexis terminal, the only source of legal material. The Constitution does not guarantee an inmate an adequate law library; rather, it guarantees a right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Because there is no "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* Therefore, in order to state a prima facie case of denial of access to the courts, Plaintiff cannot rely on conclusory allegations. He must identify with specificity an actual injury to non-frivolous litigation. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (*en banc*). Plaintiff fails to make such a showing. Accordingly, it is RECOMMENDED that his claim that the Jail's law library is inadequate be DISMISSED.

Plaintiff also claims that the inadequacy of the Jail's law library violated his right to assist other inmates pursuant to *Johnson v. Avery*, 393 U.S. 483 (1969). Plaintiff, however, has no independent right to provide legal assistance to his fellow inmates apart from his First Amendment speech rights. *See Shaw v. Murphy*, 532 U.S. 223, 231 (2001) (holding that the provision of legal assistance enjoys no "First Amendment protection above and beyond the protection normally accorded prisoners' speech"); *Lamp v. Wallace*, No. 3:04CV317, 2005 WL

5303512, at *4 (E.D. Va. Mar. 23, 2005). Plaintiff has not argued or shown that conditions in the Jail's law library violated his right to free speech. Accordingly, it is RECOMMENDED that his claim that the Jail's law library violated his right to provide legal assistance be DENIED.

On October 31, 2008, Plaintiff informed the Court that he had been transferred from the Jail to Virginia Department of Corrections ("VDOC"). Plaintiff does not suggest that his access to legal materials in the VDOC is inadequate. Accordingly, it is RECOMMENDED that Plaintiff's demand for injunctive relief be DENIED as moot. *See LaFaut v. Smith*, 834 F.2d 389, 395 (4th Cir. 1987); *Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977).

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing the complaint. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within ten (10) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional

right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

    The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

    And it is so ORDERED.

/s/ M.H.
M. Hannah Lauck
United States Magistrate Judge

Date: 12/22/08
Richmond, Virginia

6