IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED

JUL 28 2009

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

PAUL O. PARTIN,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　 )
　　　　Plaintiff,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　　　　 )　　　Civil Action No. 3:08CV238-HEH
　　　　　　　　　　　　　　　　　　　 )
GABRIEL MORGAN, *et al.*,　　　　　　　 )
　　　　　　　　　　　　　　　　　　　 )
　　　　Defendants.　　　　　　　　　　 )

MEMORANDUM OPINION
(Overruling Objections to Report and Recommendation and Dismissing Action)

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the

Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate

pursuant to 28 U.S.C. § 1343(a)(3).

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

The Court must dismiss any action filed by a prisoner if the
Court determines the action (1) "is frivolous" or (2) "fails to state a
claim on which relief may be granted." 28 U.S.C. § 1915(e)(2);
*see* 28 U.S.C. § 1915A. The first standard includes claims based
upon "'an indisputably meritless legal theory,'" or claims where
the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809
F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*,
490 U.S. 319, 327 (1989)). The second standard is the familiar
standard for a motion to dismiss under Federal Rule of Civil
Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the
sufficiency of a complaint; importantly, it does not resolve contests
surrounding the facts, the merits of a claim, or the applicability of
defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952
(4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller,
*Federal Practice and Procedure* § 1356 (1990)). In considering a

motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

In his complaint, Plaintiff names Sheriff Gabriel Morgan, Lieutenant Colonel Eileen Sprinkle, Captain J. Vergakis, Ms. Graves, and Mr. Johnson as defendants. Plaintiff claims that: (1) the conditions at the Newport News Jail ("the Jail") were unconstitutional, and (2) he was denied access to the courts. Plaintiff demands $250,000.00 in damages and an injunction requiring the Jail to set up an adequate law library, to provide case

2

law for federal as well as state courts, and to stop limitations on inmate copy requests.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a right conferred by the Constitution or laws of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). The indulgence shown to *pro se* litigants does not relieve them of the obligation to provide each defendant with fair notice of the facts upon which his or her liability rests. *See Bell Atl. Corp.*, 127 S. Ct. at 1964 (*quoting Conley*, 355 U.S. at 47).[1] Thus, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*citing Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Plaintiff fails to even mention any of the named defendants in conjunction with his conditions of confinement claim. Thus, it is RECOMMENDED that Plaintiff's conditions of confinement claim be DISMISSED.

Plaintiff claims that his right to access the courts was violated because the Jail's law library lacks all federal legal material, because he was only allowed to access materials relevant to the charges against him, and because he was charged ten cents per printout from the Jail's Lexis terminal, the only source of legal material. The Constitution does not guarantee an inmate an adequate law library; rather, it guarantees a right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Because there is no "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* Therefore, in order to state a prima facie case of denial of access to the courts, Plaintiff cannot rely on conclusory allegations. He must identify with specificity an actual injury to non-frivolous litigation. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (*en banc*). Plaintiff fails to make such a showing. Accordingly, it is

---

[1] As Plaintiff is "a paralegal graduate of Blackstone School of Law in Dallas Texas" with "10 ½ yrs experience w/ criminal law," his entitlement to any such indulgence is questionable. (Pl.'s Compl. 8) (capitalization corrected). However, in an abundance of caution, his complaint is held only to the standard, liberal pleading rules for *pro se* litigants.

3

RECOMMENDED that his claim that the Jail's law library is inadequate be DISMISSED.

Plaintiff also claims that the inadequacy of the Jail's law library violated his right to assist other inmates pursuant to *Johnson v. Avery*, 393 U.S. 483 (1969). Plaintiff, however, has no independent right to provide legal assistance to his fellow inmates apart from his First Amendment speech rights. *See Shaw v. Murphy*, 532 U.S. 223, 231 (2001) (holding that the provision of legal assistance enjoys no "First Amendment protection above and beyond the protection normally accorded prisoners' speech"); *Lamp v. Wallace*, No. 3:04CV317, 2005 WL 5303512, at *4 (E.D. Va. Mar. 23, 2005). Plaintiff has not argued or shown that conditions in the Jail's law library violated his right to free speech. Accordingly, it is RECOMMENDED that his claim that the Jail's law library violated his right to provide legal assistance be DENIED.

On October 31, 2008, Plaintiff informed the Court that he had been transferred from the Jail to Virginia Department of Corrections ("VDOC"). Plaintiff does not suggest that his access to legal materials in the VDOC is inadequate. Accordingly, it is RECOMMENDED that Plaintiff's demand for injunctive relief be DENIED as moot. *See LaFaut v. Smith*, 834 F.2d 389, 395 (4th Cir. 1987); *Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977).

(Dec. 22, 2008 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Plaintiff has filed objections.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to

focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt the portions of the magistrate judge's recommendation to which a plaintiff does not make a specific written objection without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005), *cert. denied*, 546 U.S. 1091 (2006).

## III. PLAINTIFF'S OBJECTIONS

Plaintiff objects to the recommended dismissal of his conditions of confinement claim, claiming that Defendants Morgan, Sprinkle, Vergakis, and Johnson "have been addressed w/ inhumane conditions of Newport News Jail through verbal conversation, inmate request forms, & grievance process. Defendents [sic] have also been informed from members of Newport News City Council & Mayor Joe Frank." (Obj. 1-2 (capitalization corrected)). Plaintiff attaches to his objections several newspaper clippings reporting that the Newport News Jail ("the Jail") is severely overcrowded and that nearly forty percent of the inmates there suffer from mental illness. Plaintiff apparently advances the theory that Defendants are liable because they did not prevent Plaintiff from being subjected to conditions at the Jail. Nevertheless, Plaintiff's claims will be DISMISSED.

Plaintiff was a pretrial detainee while housed at the Jail. As a pretrial detainee, Plaintiff was protected by the Due Process Clause of the Fourteenth Amendment. *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[T]he pretrial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to *any* form of 'punishment.'" *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Although the state may not subject pretrial

5

detainees to any restriction or condition that is intended to punish, *see Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 250 (4th Cir. 2005), "'not every inconvenience encountered during pretrial detention amounts to "punishment" in the constitutional sense.'" *Id.* (quoting *Martin*, 849 F.2d at 870). "'There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned.'" *Bell*, 441 U.S. at 539 n. 21 (quoting *Ingraham v. Wright*, 430 U.S. 651, 674 (1977)).

Plaintiff, who was housed at the Jail from February 14, 2007, until November 21, 2007, fails to allege any concrete injury resulting from conditions at the jail. Although Plaintiff alleges that fights occurred and that overcrowding raised the general level of stress in the Jail, he does not allege that he was attacked or suffered any stress-related health issues. *See Robles v. Prince George's County, Md.*, 302 F.3d 262, 270 (4th Cir. 2002) (holding that pretrial detainee's injury must be "'something more than trifling'" to establish constitutional injury (citing *Riley*, 115 F.3d at 1167)). Plaintiff similarly fails to allege any injury resulting from an unsanitary environment, fire safety violations, or any other condition at the Jail. *See Benjamin v. Fraser*, 343 F.3d 35, 51 n.17 (2d Cir. 2003) (explaining that "identification of a purely theoretical deficiency in an institution will not suffice; a healthy inmate cannot sustain a claim of 'constitutional violation because of the inadequacy of the prison infirmary'" (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996))). Accordingly, Plaintiff's objections will be OVERRULED. As Plaintiff does not object to the recommended dismissal of his access to the courts claim, that claim also will be DISMISSED.

Plaintiff has also filed a motion wherein he requests the Court to order that he receive "more reasonable access/time in PRCC law library." (Pl.'s Mot. for Court Order Law Library

6

Access (capitalization corrected).) Plaintiff complains that he "must submit a request to use legal computers for (1) hr. time period on a first come first serve . . . basis." (Pl.'s Mot. for Court Order Law Library Access (capitalization and spelling corrected).) Because this action is frivolous and no other proceedings have been described, Plaintiff has failed to identify, as he must, any actual injury to non-frivolous litigation. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (*en banc*). Plaintiff's motion for law library access will be DENIED. Plaintiff's motion to change venue will be DENIED AS MOOT.

## IV. CONCLUSION

The Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED. Plaintiff's motion for law library access will be DENIED, and his motion to change venue will be DENIED AS MOOT. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Jul 27, 2005
Richmond, Virginia

7